**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN STEWART,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO.: 4:24-cv-4685** |
| **v.** | § | |
| | § | |
| **DEERE & COMPANY DBA JOHN** | § | |
| **DEERE COMPANY** | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW John Stewart (hereinafter, "Plaintiff"), complaining of Deere & Company DBA John Deere Company., and for cause of action shows unto the Court the following:

**I. JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of this lawsuit based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Specifically, Defendant is Delaware corporation with headquarters outside the state of Texas. Additionally, the amount in controversy is in excess of $75,000.

2.      This Court has jurisdiction over the parties referenced above because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas. Moreover, this Court has personal jurisdiction over the Defendant because they have a registered agent in the State of Texas, do business in the State of Texas on a continuous and systematic basis, and committed a tort in the State of Texas, namely in this District. For the same reasons, venue is proper in this District.

1

## II. PARTIES

3.      Plaintiff John Stewart is an individual residing in Grimes County, Texas.

4.      Defendant Deere & Company DBA John Deere Company (hereinafter, "John Deere") is a Delaware corporation doing business in the state of Texas and may be served through its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900 Dallas, Texas 75201-3136.

## III. FACTS

5.      On or about November 17, 2023, Plaintiff John Stuart was working on his property located at 10409 CR 354, Plantersville, Texas 77363, Grimes County.

6.      While working on his property, Plaintiff was operating a 5045D Tractor (hereinafter, "the Tractor") designed, manufactured, and distributed by Defendant John Deere.

7.      The Tractor was equipped with a Kill Switch intended to shut off the engine when weight of the operator is not recognized on the seat.

8.      While Plaintiff John Stewart was moving hay to feed his cows, he stepped off the Tractor to prevent a cow from walking through a gate. After controlling the cow, Plaintiff turned around and was struck by the Tractor. The Tractor's Kill Switch failed to shut off the engine when the Plaintiff stepped off the Tractor.

9.      As a result, Plaintiff was unexpectedly run over by the Tractor and sustained severe injuries to his legs and pelvis which he is still struggling with to this day.

## IV. CAUSES OF ACTION

### A. *Strict Products Liability against John Deere*

10.      Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

11.      John Deere owed a duty of care to design, manufacture, test, market, advertise,

label, distribute, and/or sell the Tractor such that the subject tractor was safe for its foreseeable use.

12.     The Tractor was defective because it was designed, manufactured, and/or distributed with a defective "Kill Switch" that could fail to operate as intended when the weight of an operator is not sensed.

13.     The Tractor was operated in a manner intended and/or reasonably foreseeable by John Deere at the time of his injury.

14.     Designing, manufacturing, and/or distributing the tractor with a proper "Kill Switch" that would function as intended would have prevented or significantly reduced the risk of injury.

15.     Defendant knew or should have known by the application of existing or reasonably achievable scientific knowledge that a properly functioning "Kill Switch" that would not properly communicate the sense of an operator was both economically and technologically feasible at the time the Tractor was designed, manufactured, and/or distributed.

16.     In addition, the Tractor lacked adequate warnings regarding the potential for failure of the "Kill Switch" not to communicate the absence of an operator. Further, once John Deere learned of the "Kill Switch," John Deere failed to warn Plaintiff and allowed Plaintiff to continue to use the Tractor creating an immense risk to Plaintiff.

17.     As a direct and proximate result of the defective condition of the tractor, the Tractor was rendered unreasonably dangerous, and Plaintiff suffered the injuries and damages described herein.

### B. *Negligence and Gross Negligence Against Defendant John Deere*

18.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

19.    Defendant John Deere had a duty to exercise reasonable care in the design, manufacture, testing, sale labeling, and/or distribution of the Tractor it placed into the stream of commerce, including a duty to ensure its product did not cause unreasonable or unnecessary injury.

20.    Defendant John Deere was negligent in the design, manufacture, sale, testing, and/or distribution of the Tractor in that it:

   a.  Included nonfunctional Kill Switch;
   b.  Failed to properly design, manufacture, and install a Kill Switch that would prevent the Tractor from continuing forward while the operator is no longer in the Tractor;
   c.  Failed to use due care and/or provide adequate warnings regarding the Kill Switch;
   d.  Placed an unsafe product into the stream of commerce; and
   e.  Failed to Discover or warn of the dangers associated with the use of the Tractor despite having actual and/or constructive knowledge of such dangers.

21.    Each of these acts or omissions by Defendant John Deere when viewed objectively from its standpoint at the time of Plaintiff's injury, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.

22.    As a direct and proximate result, Plaintiff suffered the injuries and damages described herein.

## VI. PRAYER

23.    Plaintiff seeks damages in excess of the minimum jurisdictional limits of this court, monetary relief in excess of $1,000,000, pre-judgment and post-judgment interest, court costs, and all such other relief to which Plaintiff shows himself justly entitled, including but not limited to:

   a.  Actual damages;
   b.  Past and future medical expenses;
   c.  Past and future pain and suffering;

d.  Past and future mental anguish; and

e.  Past and future impairment.


Respectfully submitted,

**WILLIAMS HART & BOUNDAS, LLP**

By: */s/ Cesar Tavares*
Cesar Tavares
SDTX Bar: 257268
Alma J. Reyes
State Bar No. 24064392
Michael Samaniego
State Bar No. 24115715
Alejandro J. Salicrup
State Bar No.: 24138723
8441 Gulf Frwy, Suite 600
Houston, Texas 77017-5001
(713) 230-2200- Tel.
(713) 643-6226- Fax.
TavaresLitTeam@whlaw.com


**ATTORNEYS FOR PLAINTIFF**